UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| CLIFTON DEVON SMITH | CIVIL ACTION NO. 04-2291-LC |
| VS. | SECTION P |
| TONY MANCUSO, ET AL | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a pro se civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by Clifton Smith November 8, 2004. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections and is presently incarcerated at the Calcasieu Correctional Center (CCC), in Lake Charles, Louisiana. Plaintiff names Calcasieu Sheriff Tony Mancuso, CCC Associate Wardens Scott Nugent and Jeff Miller, and CCC mail room personnel Katherine Verdin as defendants in this matter.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

In his original complaint, plaintiff complains, in very general terms, that he is "concerned" that CCC is "tampering" with his "personal and private" mail. Specifically, it appears that plaintiff's concerns center around the mail that plaintiff is sending to his brother who is incarcerated at another prison facility. In this regard, plaintiff states that "federal law prohibit[s] personal and private mail being tampered with and I feel that this is continuously

being done in the facility where I am located." [Doc. #1, pp. 3 & 4]. As a result, plaintiff requests "this issue to be investigated and those responsible to held liable for the unconstitutional tampering of my private and personal mail."

Given the lack of any specific information in his original complaint to support his allegations that his constitutional rights had been violated, this court issued a memorandum order [Doc. #4], directing plaintiff to amend his complaint.[1] The memorandum order advised plaintiff that, without more, the conclusory allegations in his complaint failed to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure which requires a plaintiff to allege **specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant.** In this regard, plaintiff was advised that he failed to: (1) specifically and precisely state what constitutional right(s) he alleges the named defendants violated; (2) specifically state what each named defendant did to violate his constitutional rights; and, (3) state the date(s) on which the alleged incident(s) occurred. Plaintiff was also advised that the statements in his complaint as to the Associate Wardens of CCC and the Calcasieu Sheriff were insufficient to hold the defendants liable under §1983. Specifically, plaintiff did not allege that these supervisory officials were **personally involved** in the act causing the alleged constitutional deprivation, or that they implemented a policy so deficient that the policy itself acts as a deprivation. Plaintiff was advised that without alleging personal involvement or policy implementation, his claims as to these defendants would fail.

In addition, the memorandum order instructed plaintiff that to the extent that the

---

[1] Plaintiff was also instructed to provide the court with proof that he exhausted his administrative remedies with regard to the claims asserted in this matter, which plaintiff did to the court's satisfaction in his amended complaint.

allegations regarding interference with his mail constituted a First Amendment claim, such allegations were insufficient as plaintiff did not state a cognizable claim for either the denial of the right to free speech or denial of access to the courts.

On March 24, 2005, plaintiff filed a response [Doc. #5] to the court's memorandum order.

## LAW AND ANALYSIS

**I. Frivolity Review**

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[2] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under §1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown)*

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

3

*Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under §1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

As previously stated, plaintiff filed a response to the court's memorandum order. However, other than providing the court with proof that he exhausted his administrative remedies, plaintiff failed to address, in any manner, the deficiencies of his complaint as noted in the memorandum order, and outlined above. Thus, the court finds that the original and amended complaints fail to state a claim upon which relief can be granted. Specifically, plaintiff has failed to provide specific factual allegations in support of his claim, and his conclusory allegations do not sufficiently meet the requirements of Rule 8.

Further, plaintiff names several defendants in their supervisory capacity. However, "Supervisory officials may be held liable...only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in

plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992). See *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998);. *Pierce v. Texas Dep't of Criminal Justice, Institutional Division*, 37 F.3d 1146, 1150 (5th Cir.1994) (holding that *respondeat superior* liability is not actionable under 1983). There are no allegations to suggest that the supervisory defendants affirmatively participated in any about which the plaintiff complains or that they implemented a policy so deficient that the policy itself acts as a deprivation. Consequently, plaintiff's claims against Calcasieu Sheriff Tony Mancuso, and CCC Associate Wardens Scott Nugent and Jeff Miller, lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Finally, plaintiff has failed to establish a constitutional violation based upon interference with prisoner mail as he did not state a cognizable claim either for the denial of the right to free speech or denial of access to the courts. See, *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993); *Walker v. Navarro County*, 4 F.3d 410, 413 (5th Cir. 1993). More specifically, a prisoner's right to free speech, defined by the court as the right to be free from unjustified governmental interference with communication, is not absolute with respect to mail. See, *Brewer,* at 821. Rather, a prisoner's First Amendment right is equated wit the right to be free from censorship; however, "[f]reedom from censorship is not the equivalent of freedom from inspection or perusal." *Id.* at 821 (citing *Wolf v. McDonnell,* 418 U.S. 539, 576, 94 S.Ct. 2963, 2984 (1974)). Thus, if the mail is not censored and the interference with mail is reasonably related to a penological interest, the Constitution is not violated. *Id.* at 822-25 (citing *Turner v. Safley,* 482 U.S. 78, 89, 107 S. Ct. 2254, 2261 (1987), and *Thornburge v. Abbott,* 490 U.S. 401, 419, 109 S. Ct. 1874, 1884 (1989)). Plaintiff's allegations in regard to interference with his mail

simply do not establish a violation of plaintiff's First Amendment Constitutional rights.

## **THREE STRIKES**

Plaintiff has had two previous civil actions filed in this Court dismissed as frivolous pursuant to 28 U.S.C. § 1915(e): *Smith v. Frey, et al,* 03 cv 1619, (W.D.La. 2003); and *Smith v. Ware, et al*, 03 cv 1978 (W.D.La. 2003).[3] After review of all claims raised herein, the undersigned has recommended plaintiff's claims herein to be dismissed as frivolous. Thus, the instant recommended dismissal constitutes a third strike against plaintiff pursuant to 28 U.S.C. § 1915(e), and it is recommended that plaintiff be barred from filing any other civil actions in United States District Courts *in forma pauperis*, except for cases involving an imminent danger of serious physical injury. See, *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C.1915(e)(2).

**IT IS ALSO RECOMMENDED** that plaintiff be barred from filing any other civil actions in United States District Courts *in forma pauperis* except for cases involving an imminent danger of serious physical injury.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

---

[3] Plaintiff also had another civil rights case dismissed as this court found that plaintiff was perpetuating a fraud on the court. See, *Smith v. Lundy*, 03 cv 2116 (W.D. La. 2003). Thus, it is arguable that plaintiff has already had the requisite three cases dismissed as either frivolous, malicious or for failing to state a claim, therefore warranting the preclusion of plaintiff's *in forma pauperis* status in this matter. However, the court gave plaintiff the benefit of the warning in the memorandum order issue in this case in an attempt to allow plaintiff to fully appreciate the consequences should this matter be dismissed as either frivolous, malicious or for failing to state a claim.

aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 7th day of July, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE